AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of California

<table>
<tr><td>United States of America<br>v.<br><br>Christopher Lopez-Stein<br><br><br><br><br><br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.   3:26-mj-70234 MAG</td></tr>
</table>

**FILED**

Mar 04 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____November 25, 2025_____ in the county of _____San Francisco_____ in the
_____Northern_____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 13, assimilating Cal. Pen. Code § 459(a) | Burglary |

This criminal complaint is based on these facts:

See attached affidavit of US Park Police Investigator Rebeca Rodriguez.

☐ Continued on the attached sheet.

<table>
<tr><td></td><td>/s/ Rebeca Rodriguez</td></tr>
<tr><td></td><td><i>Complainant's signature</i></td></tr>
<tr><td>Approved as to form <i>/s/ Jean Fundakowski</i><br>AUSA <u>Jean Fundakowski</u></td><td>Rebeca Rodriguez, US Park Police Investigator<br><i>Printed name and title</i></td></tr>
</table>

Sworn to before me by telephone.

Date: _____03/04/2026_____

City and state: _____San Francisco, CA_____

_____
*Judge's signature*

Hon. Lisa J. Cisneros
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR
### CRIMINAL COMPLAINT AND ARREST WARRANT

I, Rebeca Rodriguez, Officer with the United States Park Police, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1.      This affidavit is submitted in support of a criminal complaint and arrest warrant for Christopher Sabas LOPEZ-STEIN ("LOPEZ-STEIN"), date of birth 4/01/1999, FBI number TK2E7ELNR. Based on the following facts, I submit that there is probable cause to believe that on November 25, 2025, LOPEZ-STEIN committed the offense of entering an apartment with the intent of committing petit or grand larceny in violation of 18 U.S.C. § 13(a), the Assimilative Crimes Act, assimilating Cal. Pen. Code § 459(a) – Burglary. I therefore respectfully request that the Court issue the criminal complaint and related arrest warrant for LOPEZ-STEIN under Federal Rule of Criminal Procedure 4(a).

### AGENT BACKGROUND

2.      I have been a duly appointed federal police officer with the United States Park Police ("USPP") since 2018. I am currently assigned to the USPP Criminal Investigations Unit, San Francisco Field Office, as a Criminal Investigator.

3.      I am a graduate of the Federal Law Enforcement Training Center Basic Police Program and the Department of the Interior Investigators Training Program, as well as courses including criminal investigations, interviews and interrogations, and search warrants.

4.      As an USPP Investigator, I have conducted and participated in federal investigations for a variety of crimes occurring on federal land in the national park system, including robbery, burglary, trespass, vandalism, and other property crimes. During these

1

investigations, I have participated in various types of investigative techniques, including obtaining and executing search warrants and arrest warrants, and conducting witness and suspect interviews.

## APPLICABLE STATUTES

5.      Under 18 U.S.C. § 13(a), the Assimilative Crimes Act, "[w]hoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

6.      Under Cal. Pen. Code § 459(a), "[e]very person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel…with intent to commit grand or petit larceny or any felony is guilty of burglary."

7.      Cal. Pen. Code § 460(a) provides that every burglary of an inhabited dwelling house is first degree burglary.  Under Cal. Pen. Code § 461, first degree burglary is punishable under state law by imprisonment for two, four, or six years.

## PROBABLE CAUSE

8.      On November 25, 2025, USPP District Eight officers responded to a report of a residential burglary from the tenant (reporting victim ("V1")) of an apartment located at 779 Morton Street in San Francisco, California, 94129, within the Northern District of California.

9.      779 Morton Street is located within the Presidio of San Francisco. The Presidio of San Francisco is federal property under the exclusive jurisdiction of the United States.

2

10.    V1 informed USPP officers that he locked his doors and windows and left for a trip on November 23, 2025, at approximately 12:00 p.m. No one was authorized to be in the residence while V1 was traveling. V1 returned on November 25, 2025, at approximately 4:20 p.m., to discover his front door was unlocked and his home was in disarray. V1 contacted law enforcement, which responded on the same day.

11.    The Xfinity security system installed in the residence was equipped with window/door sensors, as well as a motion sensor camera in the living room. The security system alerts showed that on November 23, 2025, the kitchen window was opened at 4:34 p.m. and closed at 4:36 p.m.; that the sliding door in the living room was open and closed at 5:41 p.m., and then again at 6:40 p.m.; and the front door was opened and closed at 7:42 p.m.; 7:48 p.m.; and 8:25 p.m.

12.    Officers inspected the kitchen window and found that the window screen had been removed and set aside; the screen was distorted and had obvious signs of tampering. The front window screen appeared to be intact, but items on the adjacent ledge appeared to have been knocked down, possibly from entry.

13.    V1 directed officers to his bedroom, which had items thrown about. Officers located a Macanudo brand cigar on the dresser which had been fully smoked down to the label. V1 identified the cigar butt as belonging to a package of cigars in his apartment that had been sealed when he left on November 23, 2025. Officers inspected the cigar box and discovered the seal had been broken and one cigar had been removed. The cigar butt was collected as evidence and submitted for DNA testing.

14.    Officers also saw trash on the floor of the kitchen and a partially eaten cake that was not purchased by V1. Officers also found partially empty bottles of Grand Marnier and Johnny

3

Walker whisky in the bedrooms. The bottle of Grand Marnier belonged to V1 but was unopened when he left the apartment and the bottle of Johny Walker had been moved from the bar area on the first floor. USPP officers did not see evidence that any cups or glasses had been used, and seized the bottles as evidence potentially containing DNA.

15.    Video footage from the living room motion sensor camera taken on November 23, 2025, at 4:45 p.m.—approximately ten minutes after the first recorded entry into the apartment while V1 was traveling—shows a male subject enter the living room, eating what appears to be cake. The subject appeared to have a slender build in his 20s, approximately 5'10," and was wearing dark pants and a dark gray T-shirt.

16.    On December 5, 2025, V1 emailed the reporting officer a list of items that were stolen from his apartment on November 23, 2025. The list included $3,000 in U.S. currency; a $1,600 "Be Cool Bikes" brand E-bike; $1,000 worth of cigars; and other personal property worth a total estimated value of $7,225.

17.    USPP submitted the burnt cigar to San Francisco Police Department ("SFPD") for DNA analysis. On January 2, 2026, the SFPD Forensic Services Division Criminalistics Laboratory issued a report that the burnt cigar yielded a male DNA sample suitable to be entered into the Combined DNA Index System (CODIS) to search for potential hits. The Grand Marnier and Johny Walker bottles did not yield samples of sufficient quality to be entered into CODIS.

18.    On January 9, 2026, the California Department of Justice issued a California DNA bank hit notification to the SFPD Criminalistics Laboratory stating that the DNA from the cigar is a potential match for LOPEZ-STEIN.

4

19.    LOPEZ-STEIN's California driver's license photo and description are consistent with the individual seen on the security video from V1's residence.  LOPEZ-STEIN is a 26 year-old-male,  tall (6'), thin (130lbs), with black hair.

20.    On January 13, 2026, I performed a criminal history check on LOPEZ-STEIN and discovered he has a history of burglary and other property crimes. I also discovered he was currently being held at the Santa Clara County Jail.

21.    On January 21, 2026, the Hon. Sallie Kim in the Northern District of California authorized a federal search warrant to collect a buccal swab containing buccal cells from LOPEZ-STEIN for DNA analysis.

22.    On January 27, 2026, I responded to the Santa Clara County Main Jail, and collected a buccal swab from LOPEZ-STEIN.

23.    On February 4, 2026, the buccal swab collected from LOPEZ-STEIN was submitted to the SFPD Crime Lab.

24.    On February 23, 2026, I received a report from the SFPD Forensic Sciences Division stating genetic analysis comparing the DNA collected from the buccal swab and the swab collected from the burnt cigar. The report found a 119 septillion likelihood ratio; that is, there is at least 119 septillion times greater likelihood that the DNA obtained from the cigar originated from LOPEZ-STEIN than if from a random, unrelated person.

**CONCLUSION**

25.    Based on the facts described in this affidavit, there is probable cause to believe that on November 25, 2025, Christopher Sabas Lopez-Stein ("LOPEZ-STEIN") committed the offense of burglary by entering an apartment with the intent of committing petit or grand larceny in violation of 18 U.S.C. § 13(a), the Assimilative Crimes Act, assimilating Cal. Pen. Code § 459(a).

5

Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

*/s/ Rebeca Rodriguez*
Criminal Investigator
United States Park Police

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 4th day of March, 2026. This application and warrant are to be filed under seal.

_____
HONORABLE LISA J. CISNEROS
United States Magistrate Judge

6